NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TYCO HEALTHCARE GROUP LP AND MALLINCKRODT INC.,**
*Plaintiffs-Appellants,*

v.

**MUTUAL PHARMACEUTICAL COMPANY, INC. AND UNITED RESEARCH LABORATORIES, INC.,**
*Defendants-Appellees.*

---

2010-1513

---

Appeal from the United States District Court for the District of New Jersey in case no. 07-CV-1299, Judge Stanley R. Chesler.

---

## ON MOTION

---

Before LINN, *Circuit Judge.*

## ORDER

Mutual Pharmaceutical Company, Inc. and United Research Laboratories, Inc. (Mutual) move to dismiss Tyco Healthcare Group LP and Mallinckrodt Inc.'s (Tyco) appeal, arguing that the United States District Court for the District of New Jersey improperly directed entry of

final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Tyco opposes. Mutual replies.

This Hatch-Waxman suit was brought by Tyco to prevent Mutual from bringing to market a generic version of Tyco's Restoril® temazepam composition product, which is covered by four patents, all but one of which have now expired. Mutual's answer, included, inter alia, both affirmative defenses and counterclaims, including an affirmative defense that the only patent-at-suit is invalid based on 35 U.S.C. § 103 grounds, an affirmative defense and counterclaim that the patent is unenforceable due to inequitable conduct, a counterclaim of improper inventorship and derivation, and an antitrust counterclaim.

On cross-motions for summary judgment, the District Court granted Mutual's motion for summary judgment of invalidity on § 103 grounds and mooted the remaining motions for summary judgment, leaving Tyco's counterclaims for inequitable conduct and antitrust violations pending. The court also granted Tyco's motion for entry of final judgment of invalidity pursuant to Rule 54(b). Mutual now moves to dismiss the appeal.

Rule 54(b) permits the district court to "direct entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). As the statute makes clear, our inquiry is two-fold: First, was the certified claim final, which we review de novo; and second, was the court's determination that there is "no just reason for delay" correct, which we review more deferentially under an abuse of discretion standard. *W.L. Gore & Assoc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992).

Here, it is clear that while Mutual's counterclaims remain pending, the District Court's grant of summary judgment of invalidity ended the litigation on the merits of Tyco's claim for patent infringement. *Catlin v. United States*, 324 U.S. 229, 233 (1945). Mutual's only viable contention therefore can only be that the District Court abused its discretion in finding that there was "no just reason for delay." We cannot say that Mutual has met its burden in demonstrating such abuse. We therefore deny the motion to dismiss.

Accordingly,

IT IS ORDERED THAT:

The motion to dismiss is denied.

FOR THE COURT

JAN 2 7 2011
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Henry J. Renk, Esq.
      Jeremy C. Lowe, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 2 7 2011

JAN HORBALY
CLERK